UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Natalie James, *et al.*,

    Plaintiffs,

v.                                              Case No. 18-13601

Detroit Property Exchange, *et al.*,       Sean F. Cox
                                                         United States District Court Judge

    Defendants.

_____/

## OPINION & ORDER DENYING
## DEFENDANTS' MOTION TO AMEND COURT'S ORDER

This contentious putative class action is currently before the Court on Defendants' motion asking this Court to amend the prior restrictions with putative class members that the Court put in place back in July of 2019, due to the improper conduct of Defendant Michael Kelly. The motion has been briefed by the parties. The Court concludes that oral argument is not necessary and orders that it shall be determined based on the briefs. For the reasons set forth below, the Court shall DENY Defendants' motion.

### BACKGROUND

This putative class action was filed on November 19, 2018.

On March 11, 2019, Plaintiffs filed a motion alleging that Defendants were having improper communications with putative class members and seeking relief from the Court. (ECF No. 27). There was extensive briefing, and the Court held an evidentiary hearing over the course of two days. There were also supplemental briefs filed after the evidentiary hearing.

On July 11, 2019, this Court issued a 28-page Opinion and Order (ECF No. 66). In it,

this Court concluded that "verbal statements made by Kelly during conversations with putative class members, and the statements made in [a challenged] Gift Letter that Kelly sent out on behalf of Defendants, are abusive and threaten the proper functioning of this putative class action." (*Id.* at 20). This Court explained:

> The Gift Letter, that was sent to an unknown subset of putative class members, is very misleading and deceptive. First, the document is drafted to look like a check but it is not a check. Rather, it is a written communication designed to entice putative class members to come to Defendants' office so that they could then be asked to sign broad releases of claims, including the claims in this case. The Gift Letter makes no reference to signing any release of claims. Rather, it only asks for the individual's "support" and references the $250.00 payment or rent voucher as a "gift," rather than a payment to be made in exchange for a release of claims.
> Moreover, at least some of the in-person conversations with putative class members, such as the recorded conversation with Shannon Cobb, involved inappropriate or misleading statements made on behalf of Defendants by Kelly.
> Given that the Court finds that those written and verbal communications were improper and misleading, the Court must determine what is the appropriate relief.

(*Id*. at 20-21).

In addition to having a curative notice sent to the putative class members, this Court imposed some restrictions on future communications with putative class members.

As to those restrictions, Defendants themselves proposed that "Defendants be permitted to hold further settlement meetings with putative class members, provided the meetings are recorded and the recordings are provided to Plaintiffs' counsel within72 hours of the meeting." (*Id*. at 22).

After considering all the facts and circumstances, this Court ruled as follows as to future communications:

> This Court must consider what is the narrowest relief that will protect the putative class members, and the fairness of this action, yet not limit Defendants'

2

speech more than necessary.

As a practical matter, Defendants have ongoing business relationships with the putative class members and, as such, this Court cannot broadly restrict all written or oral communications that Defendants or their employees have with them. But this Court concludes that Kelly and Defendants' employees should be enjoined from communicating with putative class members about releases of claims or this case.

This Court concludes that Kelly made misleading statements during in-person meetings with putative class members. Kelly also sent out the blatantly misleading Gift Letter to putative class members – and did so after this motion had been filed, and without the knowledge or approval of his counsel. Given that deliberate conduct by Kelly, the Court concludes it is appropriate to enjoin Kelly and Defendants' employees from any further written or verbal communications with putative class members regarding releases of claims or this case. Kelly and Defendants' employees must refer any inquires from putative class members about this case to Defendants' attorneys of record in this case. The Court also expressly cautions Kelly that the Court will not hesitate to impose sanctions should he or his employees violate the Court's order.

There is no credible evidence, however, that Semaan was misleading or coercive during any of the meetings he had with putative class members. And there have been no allegations, let alone any evidence, that any of Defendants' attorneys at the Miller Law Firm had any inappropriate communications with putative class members. As such, the Court concludes that Defendants' attorneys of record in this case may hold in-person meetings with putative class members, provided that: 1) those meetings take place at counsel's offices (not at Defendants' offices); and 2) such meetings are recorded and a copy of the audio recordings are provided to Plaintiffs' counsel within seventy-two hours of the meetings. Kelly may not attend such meetings. The Court also concludes that Defendants' attorneys of record in this case may communicate in writing with putative class members, provided that copies of those writings are filed with the Court within seventy-two hours of being sent.

(*Id.* at 24-25). This Court ordered, in pertinent part, that:

3) Defendant Michael Kelly and all of Defendants' employees are hereby ENJOINED from any written or verbal communication with putative class members about releases of claims or this case. Michael Kelly and Defendants' employees shall refer any inquiries from putative class members about this case to Defendants' counsel of record in this case;

4) Defendants' counsel of record in this case may communicate in writing with putative class members, provided that copies of those writings are filed with the Court within seventy-two (72) hours of being sent;

> 5) Defendants' counsel of record in this case may hold in-person meetings with putative class members, provided that: a) those meetings take place at counsel's office (not at Defendants' offices); and b) such meetings are recorded and a copy of the audio recordings are provided to Plaintiffs' counsel within seventy-two (72) hours of the meetings. Michael Kelly shall not attend any in-person meetings with putative class members about this case;

(*Id.* at 27).

On January 28, 2020, a "Stipulated Order To Amend The Court's July 11, 2019 Order" was issued ordering that:

> 1. Defendants' counsel of record, and their staff, may initiate and respond to phone calls to/from putative class members for the purpose of scheduling in-person meetings but they may not discuss (during these phone calls) the substance of the pending lawsuits or the substance of any settlement offer;
>
> 2. All phone calls referenced above, between William E. Semaan, Jr. and any putative class member shall be recorded;
>
> 3. All of these recordings shall be provided to Plaintiffs' counsel within 48 hours; and
>
> 4. Except as Amended by this Order, the Court's July 11, 2019 Opinion and Order on Plaintiffs' Motion to Invalidate Releases [ECF No. 28] [ECF No. 66] remains in full force and effect.

(ECF No. 100).

The matter is now before the Court on Defendants' motion, asking this Court to amend its prior orders regarding communication restrictions.

## ANALYSIS

In the pending motion, Defendants ask the Court to amend its order, in light of the COVID-19 pandemic, and allow Defense Counsel to have meetings with putative class members through video conferencing or telephone conferencing. Defendants contend that in order to

4

comply with social distancing and safety measures, and to protect all parties, the Court should allow them to hold such video conferences, or telephone conferences if video conferencing is not an option for a given putative class member. Defendants contend that allowing them to do so will not "risk abusive communications as video recordings of the meetings will be provided to Plaintiff's counsel" for their review. (Def.'s Br. at 2). They contend that such videos will allow for a more thorough review than what is provided now (audio recordings).

Plaintiffs oppose the request. In doing so, they assert that they have had problems with even the measures that are currently in place. They note that in some instances, recordings of meetings with Mr. Semaan appear to indicate that Semaan has had other telephone calls with them, during which the case or settlement have been discussed. They further note that some recordings have gaps, during which the recording stops but the meeting does not appear to stop. Given the prior history, they are concerned that opening up communications to video or telephone calls will invite more problems. That is especially so because these putative class members "have a direct, continuing business relationship with Defendant that involves their housing situation in the midst of a pandemic." (Pls.' Br. at 10). Plaintiff note that Defense counsel can still contact putative class members in writing and may hold in-person meetings with appropriate precautions.

Having considered the parties' respective arguments, the Court shall deny the motion for several reasons.

For starters, Defense counsel had a considerable period of time, from the Court's July 11, 2019 Opinion and Order, until March of 2020 (approximately eight months), to hold in-person meetings with putative class members before COVID-19 ever came into play. In addition, the

5

Miller Law Firm has a large conference room and could hold in-person meetings there with appropriate precautions, such as limiting them to a few persons and wearing masks.

There is at least some suggestion, set forth in Plaintiffs' brief, that Defense counsel Mr. Semaan may not have fully complied with the existing restrictions as they stand.  (*See* Pls.' Br. at 6-8).

While Defendants have a point that video recordings would provide a good review of recorded meetings, as a practical matter, many of the putative plaintiffs may not have access to video conferencing capabilities.  That would leave Defendants to contact putative class members by telephone, which is far more problematic.

Finally, the restrictions here were put in place for good reason – because of Defendant Kelly's misconduct.

For all of these reasons, IT IS ORDERED that Defendants' motion is DENIED.

IT IS SO ORDERED.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  February 1, 2021